United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAYSIDE INTERIORS INC.,
Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al.,
Defendants.

Case No. 26-cv-08188-NW

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 27

Plaintiff Bayside Interiors Inc. ("Bayside") sued a series of insurers for wrongfully investigating and failing to pay over $1,500,000 in losses arising from the theft of Bayside's building materials.[1] Compl., ECF No. 1-1.[2] Bayside additionally sued Defendant Engle Martin & Associates, LLC, the independent insurance adjuster hired by the insurers to investigate Bayside's claims.

Defendant Engle Martin now moves to dismiss Bayside's sole claim against it for negligent misrepresentation (Claim 3). ECF No. 27. The motion is fully briefed. ECF Nos. 29, 30. For the foregoing reasons, the Court GRANTS Engle Martin's motion to dismiss Claim 3, and VACATES the motion hearing set for October 21, 2026. Civ. L.R. 7-1(b).

[1] Plaintiff sued seven Defendants: Travelers Property Casualty Company Of America; Illinois Union Insurance Company; Lexington Insurance Company; Continental Casualty Company; Endurance American Specialty Insurance Company; Fireman's Fund Indemnity Corporation; and Engle Martin & Associates, LLC. Because only Engle Martin moves to dismiss, the Court recounts only the factual background relevant to Engle Martin in this Order.

[2] Other than the complaint, record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

## I. BACKGROUND[3]

Bayside was hired as subcontractor on a project for Applied Materials, Inc. in Sunnyvale, California. Bayside purchased materials for the project, including a flooring system. After learning that the project materials were not yet needed, Bayside entered into an agreement with Corporate Interior Solutions ("CIS") to store the materials in CIS's warehouse until Bayside was ready to use them. In September 2024, Bayside discovered that a CIS warehouse manager had been stealing project materials since July 2024. The parties do not dispute the theft.

Applied Materials had construction risk coverage from a group of insurers, Defendants Illinois Union Insurance Company, Lexington Insurance Company, Continental Casualty Company, Endurance American Specialty Insurance Company, and Fireman's Fund Indemnity Corporation (collectively, "the Builders Risk Insurers"). Bayside was listed on the policy as an additional insured party.

After Bayside submitted its claim for the stolen materials, the Builders Risk Insurers hired Engle Martin, an independent insurance adjusting firm, to investigate the claim. On March 18, 2025, after completing his investigation, Angelo Accomando, an Engle Martin Executive General Adjuster, "conveyed the Builder's Risk Insurers' denial of Bayside's claim." Compl. ¶ 62 (citing Exhibit E). Engle Martin emailed the denial letter to Marcin Plonka, an Applied Materials employee. ECF No. 1-1 at 251 (Ex. E at 1). The letter provides the following background:

> It was reported that a theft of Building materials occurred at an offsite location, 25546 Seaboard Lane, Hayward, CA 94545. The Insured, Applied Materials, hired General Contractor, Turner Construction for this project. The GC, Turner Construction hired subcontractor, Bayside Interiors, to install raised floors.
>
> Bayside Interiors purchased the materials but due to a year-long delay caused by a last-minute change in the layout and additional permitting, by Applied Materials, Bayside Interiors had to temporarily store the materials off-site for installation at a later date. Bayside Materials does not own a warehouse capable of holding all the pallets. Bayside Interiors contracted Corporate Design Solutions [CIS] to hold their pallets in the Corporate Design Solutions warehouse in Hayward. The Corporate Design Solutions Warehouse Manager, Santos Pereira, in collusion with the owner of Fry's Metals in Hayward, 1845 W Winton Ave. Hayward, CA

[3] All allegations are taken from the FAC and are taken as true for purposes of this Order.

> 94545, had been selling these materials by pallets for scrap in the middle of the night until June 2024.

*Id.* at 252.

Engle Martin then referenced various sections of Applied Materials' policy, including from the "Extensions of Coverage" and "Property Excluded" from coverage provisions. The policy excludes coverage for any "dishonest or criminal act committed by . . . anyone else to whom the insured property in [sic] entrusted for any purpose." *Id.* at 254. Relying on this language the letter concluded that "there would be no coverage available for any of the loss and damage being claimed." *Id.* at 254.

Bayside brings one claim against Engle Martin for negligent misrepresentations contained in the March 18, 2025 coverage denial letter. *See* Compl. ¶¶ 84-89.

## II. LEGAL STANDARD

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]," *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

Bayside contends that Engle Martin represented in its March 18, 2025 letter to Applied Materials that the "covered property was 'entrusted' to [a] CIS's employee who stole it[.]" Bayside contends this is "false" because "Bayside entrusted the covered property to CIS itself." Compl. ¶¶ 85, 86.[4] Bayside asserts that Engle Martin "knew or should have known that its representation concerning alleged 'entrustment' was untrue at the time it was made." *Id.* ¶ 87.

Under California law, a claim for negligent misrepresentation requires a showing of: (1) the misrepresentation of a material fact, (2) without reasonable ground for believing the fact is true, (3) with intent to induce another's reliance on the misrepresented fact, (4) justifiable reliance

---

[4] The parties do not dispute that the March 18, 2025 letter, attached to the complaint, should be incorporated by reference. *See* Compl., Ex. E. The Court agrees.

on the misrepresentation, and (5) resulting damage. *Cutler v. Rancher Energy Corp.*, No. SACV 13–00906–DOC (JPRx), 2014 WL 1153054, at *7 (C.D. Cal. Mar. 11, 2014) (citing *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007)). "[N]egligent misrepresentation is a species of fraud, and, hence, must be [pled] in accordance with Rule 9(b)." *Gilmore v. Wells Fargo Bank N.A.*, 75 F. Supp. 3d 1255, 1269-70 (N.D. Cal. 2014) (collecting cases).

Here, Bayside has failed to allege facts to support its claim.[5] Foundationally, Bayside has not sufficiently alleged that the representations in the letter were directed towards Bayside and not to Applied Materials, particularly given that Bayside was not the policy holder and was not the recipient of the letter. Bayside must plead facts to show that it "belongs to the class of persons to whom or for whom the representations in the [] report were made" and that Engle Martin knew "with substantial certainty that plaintiff, or the particular class of persons to which plaintiff belongs, [would] rely on the representation." *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 407, 414 (1992), *as modified* (Nov. 12, 1992) (holding that a "narrow class" of investors could bring a claim for negligent misrepresentation against a corporation's auditor because the investors, though not direct clients, were "specifically intended beneficiaries" who the auditor was aware of). It is not enough for Bayside to have "become aware of the representation and act[ed] upon it." *Id.* (emphasizing "the indispensability of justifiable reliance on the statements").

Bayside has additionally not pled facts to show that there is a discrepancy between the letter's statement ("theft caused by anyone else to whom the insured property [was] entrusted") and Bayside's description of the truth (theft was caused by a CIS employee). It is possible that Bayside can explain how such a discrepancy between entrusting CIS and entrusting a CIS

---

[5] Bayside argues in its opposition that California law permits claims against independent insurance adjusters (such as Engle Martin), broadly indicating that the Court should deny Engle Martin's motion. *Cecena v. Allstate Insurance Co.*, 358 F. App'x 798, 799 (9th Cir. 2009) ("There is now some authority in California case law holding insurance agents liable for common law fraud or negligent misrepresentation."). Engle Martin did not raise the converse argument in its motion, nor does it dispute the proposition in its reply. *See* ECF No. 30 at 2. While the Court agrees with Bayside that an insured party *can* bring a claim against an insurance adjuster for negligent misrepresentations, *Bock v. Hansen*, 225 Cal. App. 4th 215, 231 (2014), as addressed in this Order, the Court finds that Bayside has not adequately pled such a claim here.

United States District Court
Northern District of California

employee is material, but Bayside did not do so in its complaint. Bayside has also failed to demonstrate that Engle Martin lacked a reasonable ground for believing that the statement was true, or that Engle Martin had the intent to induce Bayside's reliance on the misrepresentation. Finally, Bayside states only that it "reasonably relied on the representation" and it "incurred actual and compensatory damages"; such conclusory statements are not sufficient to put Engle Martin on notice of how Bayside relied on the representations or what damages were caused. *Agredano v. Cap. One, Nat'l As'n*, No. 18-CV-06865-YGR, 2019 WL 1570249, at *9 (N.D. Cal. Apr. 11, 2019) (dismissing claim for negligent misrepresentation where plaintiff failed to "allege how he actually and justifiably relied upon the misrepresentations or how any of the asserted damages were caused by the actions he took in reliance on the misrepresentations.").

The Court dismisses Bayside's negligent misrepresentation claim.

## IV. CONCLUSION

The Court GRANTS Engle Martin's motion to dismiss with leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (pursuant to Rule 15(a), leave to amend "should be freely granted when justice so requires," keeping in mind the underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities.") (en banc) (internal quotes and ellipses omitted).

Plaintiff shall file an amended complaint, only as to Claim 3, within 14 days from this Order. Plaintiff shall not amend any other claim, add claims, or add parties without leave of Court. Plaintiff must file a redline comparing its amended complaint to its original complaint per the Court's standing order.

**IT IS SO ORDERED.**

Dated: October 16, 2026

Noël Wise
United States District Judge